UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-12164-GAO

STEVEN L. BERGER,
Plaintiff,

v.

DALE M. MORGAN, MICHAEL J. MURPHY, and MORGAN & MURPHY, LLP
Defendants.

ORDER
December 29, 2014

O'TOOLE, D.J.

Plaintiff Steven Berger brought this action against defendants Dale M. Morgan, Michael J. Murphy, and Morgan & Murphy, LLP ("Morgan & Murphy") in Bristol Superior Court. His claims, which arise from his employment as an attorney at Morgan & Murphy, include non-payment of wages, breach of the implied covenant of good faith and fair dealing, unjust enrichment, constructive discharge in violation of public policy, civil harassment, breach of contract, fraud, and civil conspiracy. The defendants subsequently removed the action to this Court, relying on an assertion of federal-question jurisdiction. Berger now moves to remand the action and requests a hearing regarding his motion. He also seeks an award of fees and costs incurred as a result of the defendants' removal.

### I. Federal-Question Jurisdiction

A state court action may only be removed to federal court if it could have been originally filed there. See 28 U.S.C. § 1441. Federal-question jurisdiction applies where an action "aris[es] under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331. Under the well-

pleaded complaint rule, the federal question must be evident from the "face of the complaint, unaided by the answer or by the petition for removal." Gully v. First Nat'l Bank, 299 U.S. 109, 113 (1936); see Rossello-Gonzalez v. Calderon-Serra, 398 F.3d 1, 10 (1st Cir. 2004).

The defendants argue that Berger's civil conspiracy claim gives rise to federal-question jurisdiction because the alleged conspiracy involved asserted violations of federal law. In most instances, however, federal-question jurisdiction only arises where a "federal law creates the cause of action." Merrell Dow Pharms. v. Thompson, 478 U.S. 804, 808 (1986). Civil conspiracy is a Massachusetts common law tort, and state law thus provides the cause of action. See Aetna Cas. Sur. Co. v. P & B Autobody, 43 F.3d 1546, 1563-65 (1st Cir. 1994) (discussing the elements of Massachusetts civil conspiracy law). The defendants contend that federal question jurisdiction is appropriate because the civil conspiracy may involve violations of 26 U.S.C. § 7201 (attempt to evade or defeat tax), 42 U.S.C. § 301 (authorization of appropriations), 18 U.S.C. § 1344 (bank fraud), and 18 U.S.C. § 1349 (attempt or conspiracy). But the defendants do not identify a single federal cause of action authorized by any of the cited statutes.

In the alternative, the defendants contend that there is federal jurisdiction because "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983). As the defendants concede, however, conferring federal-jurisdiction without a federal cause of action is rare. See Templeton Bd. of Sewer Comm'rs v. Am. Tissue Mills of Massachusetts, Inc., 352 F.3d 33, 37-38 (1st Cir. 2003); PCS 2000 LP v. Romulus Telecomms., Inc., 148 F.3d 32, 35 (1st Cir. 1998) ("Unless a federal statute bestows a private right of action, courts ought to presume that Congress did not intend the statute to confer federal jurisdiction."); 13D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3562 (3d ed.

2014) ("Obviously, not every state-law claim raising a federal issue can invoke federal question jurisdiction. Indeed, such cases will be exceptional.").

Indeed, even where a state action requires a court to evaluate "a contested and substantial federal question," subject matter jurisdiction may be improper. Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313 (2005). In Grable, the Supreme Court described the requirements for a state-law claim to give rise to federal jurisdiction:

> [T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing a congressionally approved balance of federal and state judicial responsibilities.

Id. at 314. Accordingly, such cases must involve sensitive areas of federal law, such as "the rights and obligations of the United States and its agencies," or "contract provision[s] approved by a federal agency pursuant to a federal statutory scheme." Templeton Bd. of Sewer Comm'rs, 352 F.3d at 38-39. The Supreme Court has even found that a state-law claim requiring resolution of patent law issues – an exclusively federal area – belongs in the state court system. Gunn v. Minton, 133 S. Ct. 1059, 1068 (2013) ("[T]he possibility that a state court will incorrectly resolve a state claim is not, by itself, enough to trigger the federal courts' exclusive patent jurisdiction, even if the potential error finds its root in a misunderstanding of patent law.")

In his Complaint, Berger alleges, among other things, that the defendants forged his name on checks he received from the Social Security Administration in an effort to defraud the Internal Revenue Service. The defendants assert that the presence of legal issues implicating federal reporting requirements and administrative schemes "demands a finding of substantiality" under Grable. (Opp. at 7 (dkt. no. 8).) Such arguments are conclusory at best. Moreover, none of Berger's allegations involve disputed areas of federal law. No one seriously contends that federal

3

law permits the defendants to forge someone else's name on a check issued by the Government. For these reasons, the Court lacks jurisdiction of this action and Berger's motion to remand is granted.

## II.     Costs and Actual Expenses

Berger also seeks "just costs and any actual expenses including attorney's fees incurred as a result of the removal" pursuant to 28 U.S.C. § 1447(c). A court may award attorney's fees under § 1447(c) "'only where the removing party lack[s] an objectively reasonable basis for seeking removal.'" Schwesinger v. Hurley, No. 13-cv-11436-DPW, 2014 WL 1311756, at *5 (D. Mass. Mar. 31, 2014) (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)). Although the defendants' jurisdictional theory was inventive and the attempt to remove has proved unsuccessful, the attempt was not objectively unreasonable, and an award is uncalled for here.

## III.    Conclusion

For the reasons stated herein, the plaintiff's Motion (dkt. no. 6) to Remand to State Court is GRANTED as to the plaintiff's request for a remand and DENIED as to the plaintiff's request for an award of costs and fees. The plaintiff's Motion (dkt. no. 9) for a Hearing is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge